```
                                              F I L E D
                                               JUN 23 2009
                                           CLERK, U.S. DISTRICT COURT
                                                  RICHMOND, VA
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) )  Civil Action No. 2:09CV291 |
| Plaintiff, | ) ) **COMPLAINT** |
| v. | ) ) **JURY TRIAL DEMAND** |
| K-MART CORPORATION | ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans With Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Alonzo McGlone, who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission ("Commission" or "Plaintiff") alleges that Defendant K-mart Corporation ("K-mart" or "Defendant") has committed unlawful discrimination in violation of the ADA by terminating Alonzo McGlone from his position as Greeter because of his disability, spinal stenosis.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §

1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Virginia, Norfolk Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously conducted business in the State of Virginia and the City of Norfolk, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Alonzo McGlone filed a charge of discrimination with the Commission alleging violations of the ADA by

Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. On or about September 2004, Defendant engaged in an unlawful employment practice at its facility in Norfolk, Virginia in violation of Sections 102(a), (b)(1) and (b)(4) of the ADA, 42 U.S.C. §§ 12112(a), (b)(1) and (b)(4). Specifically, Defendant refused to allow Mr. McGlone to utilize an assistive device to aid him in standing and walking, and terminated Mr. McGlone from his position as a Greeter at its Military Highway store because of his disability, spinal stenosis. At all relevant times, Mr. McGlone was a qualified individual with a disability within the meaning of the American with Disabilities Act, and could perform the essential functions of the Greeter position with or without a reasonable accommodation. Despite his qualifications, Mr. McGlone was terminated.

9. The effect of the practice complained of in paragraph 8 above, has been to deprive Alonzo McGlone of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

10. The unlawful employment practice complained of in paragraph 8 above, was intentional.

11. The unlawful employment practice complained of in paragraph 8 above, was done with malice or with reckless indifference to the federally protected rights of Alonzo McGlone.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, including discrimination in hiring, and any other employment practice which

discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices, including but not limited to implementing a policy that prohibits disability discrimination and conducting employee training regarding such policy.

C. Order Defendant to pay Alonzo McGlone appropriate back pay in amounts to be determined at trial, and prejudgment interest, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make whole Alonzo McGlone by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant to make whole Alonzo McGlone by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Alonzo McGlone punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    RONALD S. COOPER
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    LYNETTE A. BARNES
    Regional Attorney

    TRACY HUDSON SPICER
    Supervisory Trial Attorney

    _____
    Suzanne L. Nyfeler
    Senior Trial Attorney
    Virginia Bar No. 40450
    Richmond Local Office
    830 East Main Street, Suite 600
    Richmond, Virginia 23219
    Telephone:(804) 771-2215
    Facsimile: (804) 771-2222
    E-Mail: Suzanne.Nyfeler@eeoc.gov